8 W    447
20 SC   355

# Smith *against* Price.

A party cannot, after examining a witness, give in evidence his former testimony and declarations, ostensibly, to discredit him; but, in truth, to operate as independent evidence.

ERROR to the common pleas of *Susquehanna* county.

Sylvester Smith against Warren Price. Replevin for a horse. On the trial of the cause the defendant called T. B. Smith, the son of the plaintiff, as a witness, who gave his testimony to the jury; after which the defendant offered to prove that the said T. B. Smith swore differently before arbitrators, by whom the cause had been tried. To which the plaintiff objected, but the court overruled the objection. The defendant then offered to prove the declarations of T. B. Smith, the witness, made at other times, and which differed from his testimony. To this the plaintiff also objected, but the court overruled the objection and permitted the testimony to be given.

*Case*, for plaintiff in error, cited 7 *Watts* 39.

,          [Smith v. Price.]

*Dimock,* for defendant in error, cited 12 *Serg. & Rawle* 281; 1 *P. A. B. Rep.* 182; 14 *Serg. & Rawle* 214.

PER CURIAM.—This was a very ingenious device; but it must not succeed. To introduce testimony formerly given by the plaintiff's son before arbitrators, and to get his naked declarations before the jury, he was first called as a witness, and his former testimony and declarations were afterwards offered and received ostensibly to discredit him, but, in truth, to operate as independent evidence. And it would have been very powerful, considering the relation in which he stands to the plaintiff. But no man shall discredit his own witness. If he thought him unworthy, he ought not to have called him; and it will not be pretended that the former testimony of the son was competent as direct and independent proof. Like a deposition, it could not be used while he was present; and his unsworn declarations were more palpably incompetent still. The testimony ought to have been rejected.

Judgment reversed, and a *venire de novo* awarded.