450     NEW YORK PRACTICE REPORTS.

People *ex rel.* Cook agt. Board of Metropolitan Police.

---

## SUPREME COURT.

The People *ex rel.* Stephen L. Cook agt. The Board of Metropolitan Police.

Under the laws of 1840 (*p.* 327) and 1844 (*p.* 402) *costs* are distinctly allowed on every *certiorari.*

*New York Special Term, March,* 1864.

Motion to resettle order of general term made on a common law *certiorari,* and to strike out the allowance of costs.

> A. J. Vanderpoel, *for the motion, cited Baldwin* agt. *Wheaton,* 12 *Wend.* 262; *People ex rel. Harvey* agt. *Heath,* 20 *How.* 304; *Caldwell's Case,* 13 *Abb.* 405.

WILLIAM HENRY ARNOUX, *in opposition, cited Laws* 1840, *p.* 327; *Laws* 1844, *p.* 402; *Laws* 1854, *p.* 592.

BARNARD, J. At common law, costs were not allowed upon a *certiorari* (16 *How.* 46; 20 *How.* 304; 13 *Abb.* 405; 35 *Barb.* 444.) In 20 *How.* the court say: "none is given, by any statute to which our attention has been called, in a case like the present."

The statutes referred to were the laws of 1854, cited above, and the Code, § 318. It is the duty of counsel to inform the court of the law, and in that case the counsel was properly punished for his lack of diligence in a matter of such personal interest as the laws relating to costs.

In the case under consideration, the laws of 1840 and 1844 have been brought to our notice, and they clearly and distinctly allow costs on every *certiorari*. The decision in *Wend.* is inapplicable, because made prior to the passage of those acts. The other decisions must be disregarded, because it appears that the attention of the court had not been directed to the statutes cited above. (*Ram. Legal Judgs.* 121.)

Motion denied.