## EZRA ADAMS *vs.* WILSON WHEELER.

A party cannot be allowed to prove by other witnesses statements previously made by a witness called by himself, inconsistent with his testimony at the trial, which would not be admissible as independent evidence and can have no effect but to impair his credit with the jury.

The certificate of appraisement, under Gen. Sts. *c.* 123, §§ 73 *et seq.*, of chattels attached, is not competent evidence of their value against a third person claiming them as his own property in an action against the attaching officer. ·

TORT for the conversion of a horse and wagon. At the trial in the superior court, before *Morton*, J., it appeared in evidence that the defendant was a deputy sheriff for Franklin, and that the conversion consisted in attaching and selling the horse and wagon as property of Eliza Adams, the mother of the plaintiff, on the writ in an action against her by Eli Ames. Eliza was summoned as a witness in the present action, by the plaintiff, but was not called upon by him to testify, whereupon the defendant called her as a witness to prove that the plaintiff was not the owner of the property. But she testified that the plaintiff was and always had been, and that she herself was not and never had been, the owner. The defendant, alleging that he was surprised by this testimony, offered William E. Hatch as a witness to prove that on the day before the conversion Eliza told him that the property was hers, and no one else had any title in or to it, or any lien on it; but the judge excluded this evidence. On the question of the value of the property converted, the defendant offered in evidence the certificate of appraisement made, under Gen. Sts. *c.* 123, §§ 73 *et seq.*, preparatory to sale of the property on the writ in the previous action; but the judge refused to admit it. A verdict was found for the plaintiff, and the defendant alleged exceptions.

*A. Brainard & W. Griswold*, for the defendant.

*D. Aiken*, for the plaintiff.

GRAY, J. 1. A party may doubtless introduce evidence of any competent and material fact, although that fact has been denied by one of his own witnesses, and although the evidence may have the effect of discrediting that witness; but he cannot

be allowed to introduce evidence for the mere purpose of im
peaching the credit of a witness whom he has himself produced
*Brown* v. *Bellows*, 4 Pick. 194.   *Whitaker* v. *Salisbury*, 15 Pick
544, 545.   *Friedlander* v. *London Assurance Co.* 4 B. & Ad. 193
It is unnecessary in this case to consider how far, if at all, a
party, calling a witness who unexpectedly appears adverse in
feeling or defective in memory, may be allowed in the discretion
of the presiding judge, either in the nature of cross-examina-
tion, or for the purpose of refreshing the memory of the witness,
to ask him whether he has not previously made statements in-
consistent with his previous testimony.   See *Commonwealth* v.
*Hudson*, 11 Gray, 64 ; *People* v. *Safford*, 5 Denio, 112 ; *Melhuish*
v. *Collier*, 15 Q. B. 878 ; *Regina* v. *Williams*, 6 Cox Crim. Cas.
343.   He certainly cannot be allowed to prove by other wit-
nesses inconsistent statements previously made by the witness
in question, which would not be admissible as independent evi-
dence, and which therefore can have no effect but to impair the
credit of the witness with the jury.   *Commonwealth* v. *Stark-
weather*, 10 Cush. 59.   *Smith* v. *Price*, 8 Watts, 447.   *Regina*
v. *Ball*, 8 C. & P. 745.   *Holdsworth* v. *Mayor of Dartmouth*, 2
Mood. & Rob. 153.   Patteson and Coleridge, JJ., in 15 Q. B.
887–889.   *The King* v. *Moran*, Jebb, 91.   *The Lochlibo*, 1 Eng.
L. & Eq. 645.   Hatch's testimony was therefore rightly rejected.

2. The appraisement of the chattels in question, under the
Gen. Sts. *c.* 123, §§ 73 *et seq.*, upon the attachment of them as
the property of another person in a suit to which the plaintiff
was not a party, was indeed conclusive evidence, as against the
parties to that suit, of the authority of the officer to sell the
goods, instead of holding them under the attachment until final
judgment, and of the value for which the defendant in that suit
might give security as a substitute for the property.   *Crocker* v.
*Baker*, 18 Pick. 407.   But it was not competent evidence of the
value of the chattels as against this plaintiff, whose property
could not lawfully be attached in that suit, who had no part in
the appointment of the appraisers, and who did not claim title
under either of those parties.                    *Exceptions overruled.*