## HOWELL RYERSON *vs.* INHABITANTS OF ABINGTON.

On the trial of an action to recover for alleged personal injuries affecting the plaintiff's ability to walk, evidence is admissible for the defendant that, after the case had been given to the jury at a former trial of the same action, the plaintiff, in reply to a remark by his son in law that he was a fool for walking off so fast, said that " it was all over now, that the child was born now, and that whether dead or alive it would not make any difference; and that he sat up near the court and knew how to play it on the judge."

In an action against a town to recover for personal injuries alleged to have been caused by a defect in a highway, a witness called by the plaintiff, having testified on cross-examination that he considered the highway safe, was asked by the plaintiff whether he had not stated to J. S. that he, the witness, had informed the defendants' selectmen that it was unsafe; and the witness replied that he had not so stated. *Held,* that the plaintiff could not, under the St. of 1869, *c.* 425, introduce the testimony of J. S. to show that the witness had so stated to him; both because the " circumstances of the supposed statement, sufficient to designate the particular occasion," had not been mentioned to the witness as required by the statute; and because the testimony sought to be contradicted was to mere matter of opinion, would have been incompetent if objected to, and could not have been contradicted if elicited on cross-examination from a witness called by the opposite party.

In an action to recover for personal injuries occasioned by a defect in a highway, neither the fact that the plaintiff, although suffering from a rupture, was walking without a truss, nor the fact that he was stamping upon a defective place in the highway, is of itself conclusive evidence of a want of ordinary care on his part.

To recover against a town for an injury sustained by a traveller on a highway by reason of the neglect of the town to keep it in repair, the defect which was the proximate cause of the injury must have existed for twenty-four hours, or been brought to the notice of the town, or been such that with due care the town might have known of its existence, before the time of the injury; and it is not enough that another defect, which occasioned the defect that was the proximate cause of the injury, had then existed more than twenty-four hours.

TORT to recover for personal injuries alleged to have been occasioned to the plaintiff on April 15, 1868, by falling into a hole while he was walking, as a traveller, on a highway which the defendants were bound to keep in repair.

At the trial in the superior court, before *Pitman*, J., there was evidence tending to show that for several years before the accident the plaintiff had suffered from a bad rupture; that the rupture was very much aggravated by the fall; that at the time of the accident he was not wearing a truss; and that he could not bear one; but that he was in danger without one, and " whether he could or ought to have worn a truss was one of the questions at issue upon the evidence."

There was also evidence tending to show that the plaintiff was not walking upon the highway when the accident occurred, but was stamping upon the road; and that he said to a person, at the first house to which he came after the accident, that " he saw a sort of settling in the road, and was stepping upon it with his foot to try to find out what made it, and, as he was feeling round with his foot, it gave way and let him in;" and that he told another person, at the same house, that " he saw a little defect or flaw in the road, and stepped on it and slipped in." " The plaintiff's testimony was contradictory of these matters."

It appeared that, at the place where the accident occurred, a culvert or sluiceway, through which " a wild and irregular stream " ran, crossed the road; that in times of freshet the culvert was too narrow to discharge the water, and the water would overflow the road; and that there had been " quite a freshet" a day or two before the accident. There was evidence that part of one of the sides of the culvert had " canted in," and that behind it there was a cavity covered by a crust of earth, through which crust the defendant fell into the cavity. " It was admitted by the defendants that in an unusual freshet the sluiceway was too narrow to discharge the water; but it was contended by them that it was not otherwise defective, and that, if there were any other defects at the time of the accident, they had not existed for twenty-four hours, and the defendants had not notice of them; and these matters were in controversy."

" The defendants offered to show that the plaintiff said that Job Wales, (a son in law and witness for the plaintiff at a former trial as well as at the present,) while going from the court house to the depot, after the former trial, and while the jury were out, called him a damned fool for walking off so fast, and that the plaintiff said in reply, ' it is all over now, and that he knew as well how to take care of himself as Wales; that the child was born now, and that whether dead or alive it would not make any difference; and that he sat up near the court at the table, and knew how to play it on the judge.' But the judge excluded the evidence.

" The plaintiff called Lot Somes, the surveyor of highways for the district, and he, having testified on cross-examination as to the size of the hole being much smaller than the plaintiff had testified, and that when he looked at the sluice he did not discover anything out of order, except the canting of some of the stones, and that he considered it safe, was asked by the plaintiff whether he had not told [Eben] Ryerson that he, the witness, had informed the selectmen that the sluice was unsafe; and he said he had not. The plaintiff subsequently called Eben Ryerson, his brother, for the purpose of showing that Somes had stated to him that he had told the selectmen that the bridge was unsafe. The question was objected to, and Eben Ryerson was then told to stand down, and the judge directed Somes to be recalled for the purpose of making certain whether the attention of the witness had been called previously to a conversation with the plaintiff or with Eben Ryerson, and he was allowed to testify, against the objection of the defendants, that he had not told Eben Ryerson as above set forth. Eben Ryerson was then recalled, and allowed, against the objection of the defendants, to testify that Somes did so state to him.

" The defendants requested the judge to rule that, if the plaintiff could not without great danger walk about upon the highway without a truss, and if he was so walking without a truss, he could not recover, even though he could not bear a truss; that if the jury should find that the plaintiff saw a defect, and was pressing upon it with his foot, it was a want of care on his part; and that the plaintiff could not recover unless the jury should find that the immediate and particular defect which was the immediate and proximate cause of the injury either had existed twenty-four hours, or that the town had had reasonable notice of it.

" The judge declined so to rule, and instructed the jury upon these points as follows: That the plaintiff, though disabled, had a right to use the highway, and, if he was injured, while in the exercise of due care, by a defect therein, to recover the damage suffered by him; that what might be due care for a person in health and of sound body, would not be for the plaintiff; that

his condition imposed upon him more than ordinary care and caution, and the jury must be satisfied that he used a degree of care proportionate to his condition ; that his failure to wear a truss was a matter for the consideration of the jury in connection with the evidence in the case, but was not, as a matter of law, of itself a bar to his recovery; that the plaintiff must have been at the time travelling upon the highway in order to entitle him to recover; that if he saw any defect in the way, which was spoken of as a flaw or settlement, and was pressing upon it with his foot, from curiosity or otherwise, and not in the ordinary pursuit of his journey, he could not recover ; but that if he was travelling, it would not, as a matter of law, be necessarily a want of care to step upon a defect in the way, but a matter for the jury to consider, in connection with the question of due care, depending of course very much upon the nature and extent of the defect, if any, which they should find was apparent at the time ; that it was admitted by the defendants that the sluiceway, as constructed, was too narrow; that if the sluiceway as originally constructed was too narrow, it was a defect; that the want of repair of the road, which caused the plaintiff's injury, must have existed twenty-four hours, or have been brought to the reasonable notice of the town ; and that such want of repair or defect must be one that could have been prevented by ordinary diligence and care ; but that in the present case, if there was a defect in the original construction of the sluiceway or bridge, by which the earth was liable in a freshet to be washed away so as to produce the cavity which existed, or if the stones of the wall were fallen in, canted, or otherwise loosened, so as to cause the earth naturally to give way, and to indicate such a state of things as the natural consequence, and these conditions had existed for more than twenty-four hours, or the defendants had reasonable notice thereof, this would satisfy the requirements."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. E. Keith & J. B. Harris,* for the defendants.

*B. W. Harris & P. E. Tucker,* for the plaintiff.

GRAY, J. The court is of opinion that both of the exceptions taken to the rulings of the presiding judge upon questions of evidence arising in the course of the trial must be sustained.

1. The evidence of the plaintiff's statements in conversation with Wales should have been admitted, as bearing upon the question whether the plaintiff was fraudulently making a claim against the town, which he knew to be unfounded.

2. The second question is of. more general importance. The surveyor of highways for the district, being called by the plaintiff as a witness, on cross-examination described the condition of the highway at the place in question, and testified that he considered it safe. The plaintiff then asked him whether he had not stated to the plaintiff's brother that he (the witness) had informed the selectmen that the place was unsafe ; and he answered that he had not. The plaintiff's brother was afterwards allowed, against the objection of the defendant, to testify that the surveyor had so stated to him.

The St. of 1869, *c.* 425, which took effect before the trial, provides that the party producing a witness " may contradict him by other evidence, and may also prove that he has made at other times statements inconsistent with his present testimony; but, before such last mentioned proof can be given, the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to the witness, and he must be asked whether or not he has made such statements, and, if so, allowed to explain them." This statute abrogates the rule of the common law, by which a party who had called a witness was deemed to have held him out as worthy of credit, and was therefore not allowed to prove by other witnesses statements previously made by him, inconsistent with his present testimony, which would not be admissible as independent evidence, and which could have no effect but to impair his credit with the jury. *Adams* v. *Wheeler,* 97 Mass. 67, and cases cited. It is taken, almost *verbatim,* from the English statute of 17 & 18 Vict. *c.* 125, § 22, omitting, however, the qualification of that act — " in case the witness shall in the opinion of the judge prove adverse " — and the limit of the right to prove such inconsistent

statements "by leave of the judge" only; but yet does not allow such statements to be proved, without giving the witness the full notice and opportunity to explain, to which a witness called by the opposite party is entitled by the practice of the courts of England, of the United States, and of New York, though not by that of our own. 2. Taylor on Ev. (4th ed.) §§ 1282, 1300. *Conrad* v. *Griffey*, 16 How. 38, 46, 47. *Pendleton* v. *Empire Stone Dressing Co.* 19 N. Y. 13. *Gould* v. *Norfolk Lead Co.* 9 Cush. 338.

So great a change in the rules of evidence, giving so extensive a power to a party to introduce proof in contradiction and disparagement of a witness put on the stand by himself, uncontrolled by the discretion of the judge before whom the trial is had, must be kept strictly within the bounds of the statute, and certainly cannot be construed as enabling a party to contradict his own witness in any respect in which the law would not permit him to contradict a witness produced by the opposite party.

We are of opinion that the statute did not warrant the admission of the testimony objected to, for two reasons. First, the surveyor, whose testimony was sought to be contradicted, had only been asked generally whether or not he had made such statements to the other witness; and no "circumstances of the supposed statement, sufficient to designate the particular occasion," had been mentioned to him, as the statute expressly requires. *Angus* v. *Smith*, Mood. & Malk. 473. *Crowley* v. *Page*, 7 C. & P. 789. *Conrad* v. *Griffey*, and *Pendleton* v. *Empire Stone Dressing Co.*, above cited. And, secondly, the testimony which was sought to be contradicted was to mere matter of opinion; would have been incompetent, if objected to; and, being irrelevant and immaterial, could not have been contradicted, if elicited on cross-examination from a witness called by the opposite party. *Lincoln* v. *Barre*, 5 Cush. 590. *Brockett* v. *Bartholomew*, 6 Met. 396. *Elton* v. *Larkins*, 5 C. & P. 385. *Tennant* v. *Hamilton*, 7 Cl. & Fin. 122; *S. C.* Macl. & Rob. 821.

3. The plaintiff's failure to wear a truss, and his pressing or stamping upon a defective place in the highway with his foot, if

proved, were not conclusive evidence of want of ordinary care on his part, but were matters for the consideration of the jury upon that issue, and were submitted to them under instructions sufficiently favorable to the defendants.·

4. In order to entitle the plaintiff to recover against the town, there must have been a defect in the highway, which had existed for more than twenty-four hours or of which the town had had reasonable notice, and that defect must have been the immediate cause of the injury. It is not enough that another defect in the highway, which was the cause of the defect which immediately caused the injury sued for, had existed for more than twenty-four hours or been known to the town. Or, to apply the principle to the state of facts which the plaintiff alleged to have existed in this case, it would not be sufficient that the culvert had been too narrow for more than twenty-four hours, and that its narrowness caused the water to overflow, and, by washing away or loosening the earth, produced such a state of the highway as would not support the plaintiff's weight; but such a state of the highway, though resulting from the imperfect condition of the culvert, must itself have existed for the requisite time, in order to maintain the action. As a new trial must be had on account of the erroneous rulings on questions of evidence, we need not particularly consider whether the instructions given to the jury, justly interpreted, were in accordance with this rule.

*Exceptions sustained.*