ABRAHAM BROOKS *vs.* GEORGE S. WEEKS, administrator.

Bristol.  Oct. 24, 1876. — Jan. 31, 1877.  DEVENS & LORD, JJ., absent.

Under the St. of 1869, *c.* 425, a party need not be surprised at the testimony of a witness called by him, in order to entitle him to impeach his credibility by showing that he has made at other times statements inconsistent with his testimony.

BILL IN EQUITY to redeem a mortgage given by the plaintiff to the defendant's intestate.

The case was referred to a master, and at a hearing before him one Gammons, the father of the defendant's intestate, was called as a witness by the plaintiff, and his testimony was mainly contradictory of that previously given by the plaintiff himself. The plaintiff then called the attention of the witness to certain statements alleged to have been made by him, to a third person, which statements were immaterial, except so far as they tended to impeach the testimony just given by the witness. The witness denied ever having made any such statements. Subsequently, for the purpose of impeaching the testimony of Gammons, the plaintiff called the third person referred to, and asked him what statements had been made to him by Gammons on the particular occasion referred to in the examination of Gammons. In the discussion which followed, the plaintiff's counsel said that, when he called Gammons, he expected that he might testify as he did, and that he was not disappointed in his testimony. The defendant objected to the question, and contended that the plaintiff could not impeach his own witness, who had testified as he expected he might testify.

The master overruled the objection, and admitted the testimony so far as the same might be competent to impeach the credit of the witness Gammons, and found that the mortgage had been satisfied.

Exceptions to the master's report were overruled by the Superior Court, and the defendant appealed.

*T. M. Stetson & F. B. Greene*, for the plaintiff.

*E. L. Barney & H. M. Knowlton*, for the defendant.

ENDICOTT, J.  A party producing a witness in court cannot impeach his credit by evidence of bad character, but may contradict him by other evidence, and may also prove that he has

made at other times statements inconsistent with his testimony Before the last mentioned proof can be given, the circumstances of the supposed statements must be called to the attention of the witness, and he must be asked if he made such statements, and, if so, be allowed to explain them.   St. 1869, c. 425.

At the hearing before the master a witness was called by the plaintiff, whose testimony contradicted the testimony previously given by the plaintiff himself.   He was asked if he had not made certain statements to a third person, and he denied that he had.   The third person was afterwards called, and the master allowed him to testify to the statements that had been made to him by the previous witness.   In the discussion which followed before the master the plaintiff's counsel said, that when he called the witness "he expected that he might testify as he did, and that he was not disappointed in his testimony." The defendant objected that the plaintiff could not impeach one of his own witnesses who had testified as he expected he might testify.   But the testimony was admitted, so far as it was competent to impeach the credit of the witness.   It is not contended that there was bad faith on the part of the plaintiff in calling the witness ; or that he was introduced merely for the purpose of contradicting him.   But the defendant contends that the language of the St. of 1869 implies that the party producing the witness must be surprised at his testimony in order to be entitled to contradict him.

The surprise of the party, calling a witness, at his statements is not one of the conditions essential to the exercise of the right to contradict given by the statute.   A party may often be obliged to call an adverse witness, or it may be very important to obtain the testimony of an adverse witness in presenting his case, and he may have reason to suppose from the means of knowledge possessed by the witness, or from statements which the witness has made to himself or others, that when placed upon the stand he will give testimony favorable to him.   At the same time he may fear that he will not so testify, or may have some reason to expect that he may not, and so, if his fears or expectations prove true, he could not honestly say that he was surprised or disappointed.   We cannot say that the plaintiff in this case was not in this position.   It was to relieve a party so situated from

the embarrassment resulting from the adverse testimony of a hostile witness, that the statute was passed. Before its passage the witness could not be directly contradicted. *Adams* v. *Wheeler,* 97 Mass. 67. The object of the statute is simply to allow the party to impeach the credibility of his witness by showing, in the manner pointed out, that he has made statements inconsistent with his testimony, and the contradiction can have no legal tendency to establish the truth of the subject matter of the statements. See *Ryerson* v. *Abington,* 102 Mass. 526 ; *Brannon* v. *Hursell,* 112 Mass. 63.                   *Appeal dismissed.*