COMMONWEALTH *vs.* JOSEPH D. THYNG and others.

Suffolk.    Nov. 27, 1882. — Jan. 3, 1883.    DEVENS & HOLMES, JJ., absent.

On an indictment against A. and B. for fraudulently concealing leased personal property, there was evidence that A. took a mortgage upon the property from the lessee, in the name of C., and assigned the mortgage to B., who took possession of the property and concealed it.  The government contended that the transaction between A. and B. was merely colorable; and called C. as a witness, who testified that A. had no written authority to assign the mortgage, but had verbal authority.  *Held*, that the government could, under the Pub. Sts. *c.* 169, § 22, contradict the witness by showing that he had made inconsistent statements.

Merely asking a witness, whom it is sought to contradict, on reëxamination, whether he has made a certain statement to a particular person, with no attempt to designate the time or place, and no suggestion of any reason for not specifying them, or of circumstances which rendered them unnecessary, is not mentioning "the circumstances of the supposed statement sufficient to designate the particular occasion," within the Pub. Sts. *c.* 169, § 22.

INDICTMENT against Joseph D. Thyng, James P. Thyng, Luther Davis and William W. Campbell, for fraudulently concealing leased personal property.    Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence, that the defendant, Joseph D. Thyng, took a mortgage upon the property of one Richards, a portion of which was leased by one Ferdinand to Richards; and that Ferdinand had not parted with his title to the same.  The mortgage was taken in the name of one Mason, as mortgagee; and there was evidence tending to show that Thyng was engaged in lending money, his own in part, and in part money furnished by others for him to lend in their names; that he had money in his hands to lend for Mason; and that he had used his own discretion in taking, holding, collecting, and, in some cases, selling, such mortgages.

It further appeared that the mortgage was taken on April 19, 1881; that, on April 21, Thyng wrote what purported to be a transfer of the note on the mortgage, upon the back of the same, to the defendant Davis, signing the name of Mason, affixing a seal, and adding under the signature the words, "By Atty., Joseph D. Thyng;" and that he then passed both note

and mortgage into Davis's possession. Davis subsequently, claiming to be the owner of the note and mortgage, took actual possession of the property and removed it, and it was never afterwards found by the lessor.

It was contended by the government, that the transaction between Thyng and Davis, in assigning and delivering the mortgage and note, was merely colorable; that the parties were acting in concert in the removal of the property; that Thyng made use of Davis as a collector, and especially for the reason that he was not pecuniarily responsible.

Mason was called by the government as a witness. Among other things, he testified that Thyng was his agent, and had money belonging to him to lend, and had had for some time; that he had no knowledge of this particular mortgage, had never known Richards, the mortgagor, had never assigned the mortgage, and had never given Thyng any written authority whatever as to lending money, or taking or assigning mortgages. On cross-examination, he testified that Thyng had authority to do these acts, but that the authority was verbal; that he ratified his act in this case, and should have signed his own name if he had been asked to do so. On reëxamination, he was asked whether he had not made statements to Ferdinand in regard to this particular mortgage, that he knew nothing about it, that Thyng had no authority of any kind, either written or verbal, to transfer it or do what he had done regarding it; and he denied that he had made such statements. The defendants objected to this line of examination, and the attorney for the government stated that it was for the purpose of introducing evidence to contradict the witness in those particulars. The judge admitted the evidence. The government then offered the evidence of Ferdinand, that Mason told him that he knew nothing about the mortgage, and that he had given Thyng no power of attorney, or any written or verbal power of attorney; to which evidence the defendants objected, but the same was admitted.

The jury returned a verdict of guilty against the defendants Joseph D. Thyng and Davis; and Thyng alleged exceptions.

*N. B. Bryant,* for Thyng.

*C. H. Barrows,* Assistant Attorney General, for the Commonwealth, cited, to the first point, *Force* v. *Martin,* 122 Mass. 5;

and to the second point, *Day* v. *Cooley*, 118 Mass. 524; *Brooks* v. *Weeks*, 121 Mass. 433; *Commonwealth* v. *Donahoe*, 133 Mass. 407.

W. ALLEN, J. Evidence that the defendant Thyng was not authorized by Mason to assign the mortgage was competent upon the question whether Davis, in removing and concealing the property, was acting for himself alone, or in concert with Thyng. The government therefore had a right, under the Pub. Sts. *c.* 169, § 22, after complying with the conditions of the statute, to contradict the testimony of its witness, Mason, given on cross-examination, by showing that he had made inconsistent statements. The statute provides that " the circumstances of the supposed statement sufficient to designate the particular occasion must be mentioned to the witness, and he must be asked whether or not he has made such statements, and, if so, allowed to explain them." The witness was asked, on reëxamination, whether he had made such statements to a particular person. The particular occasion on which they were made was not otherwise designated. The case cannot be distinguished from *Ryerson* v. *Abington*, 102 Mass. 526. To render the evidence competent, it should appear that the conditions of the statute have been complied with ; and we do not think that merely calling the attention of the witness to the person to whom the supposed statement was made, with no attempt to designate the time or place, and no suggestion of any reason for not specifying them, or of circumstances which render them unnecessary, is mentioning the circumstances " sufficient to designate the particular occasion " within the meaning of the statute. See cases cited in *Ryerson* v. *Abington, ubi supra.*

*Exceptions sustained.*