## COMMONWEALTH *vs.* JOHN MOINEHAN.

Bristol.   Oct. 27, 1885. — Jan. 8, 1886.   FIELD & C. ALLEN, JJ., absent.

At the trial of a complaint for an unlawful sale of intoxicating liquors, a boy fifteen years old testified to a sale of beer by the defendant; and two other witnesses testified to the same fact. He further testified that he did not know whether the beer was lager beer or not; and, on cross-examination, that it was a weak beer, and had no intoxicating effect on him. The witness, upon being recalled and repeating his former testimony, and appearing to the judge to be hostile, was allowed to be cross-examined by the district attorney, who asked him, against the defendant's objection. " Don't you think it was lager beer ? " and the witness answered, " I could n't say whether it was lager beer." *Held,* that the defendant had no ground of exception.

At the trial of a complaint for the unlawful sale of intoxicating liquor, if a witness for the government testifies that the liquor sold was a weak beer, the government may, after complying with the requirements of the Pub. Sts. *c.* 169, § 22, contradict his testimony, by showing that, at the trial in the court below, he testified that he thought it was lager beer.

COMPLAINT for an unlawful sale of intoxicating liquor, on January 21, 1885, at Easton. Trial in the Superior Court, before *Staples,* J., who allowed a bill of exceptions, in substance as follows :

Elmer C. Lincoln, a boy fifteen years old, testified that Warren F. Smith, in the kitchen of the defendant, called for some beer; that the defendant brought a bottle of beer from an adjoining room; that the witness and one Herbert Smith, a brother of Warren, drank it from two glasses, and Warren paid for it; that Warren drank none, but took a flask of whiskey, which he had brought there, from his pocket and drank from it. Warren and Herbert testified substantially to the same facts, and Herbert testified that the beer was of a strength of not more than three per cent of alcohol; and Warren testified that he did not taste it, and did not know its quality.

Lincoln further testified that he did not know whether the beer was lager beer or not. On cross-examination, he said that it was a weak beer, and had no intoxicating effect on him. Lincoln was recalled by the district attorney, and repeated substantially what he had before stated. The witness, appearing to the judge to be hostile, was allowed to be cross-examined by the

district attorney; and the latter, against the defendant's objection, was permitted to put the following question to the witness, " Don't you think it was lager beer ? " He replied, " I could n't say whether it was lager beer." The district attorney then asked him whether or not, at the trial of this complaint in the district court, he testified that he thought it was lager beer. Upon objection being made, his attention was called to the time, place, and circumstances of his there testifying, and the question was repeated. It was again objected to, but was allowed, and the witness replied, that he had no recollection of so testifying, — that he did not so testify.

Against the defendant's objection, H. J. Fuller, Esq., testified that he was present at said trial as counsel for the prosecution; and that the witness there testified that " he thought it was lager beer."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

HOLMES, J. The question, " Don't you think it was lager beer ? " was properly allowed to be put. The application of a class name to an object perceived by the senses is generally the expression of an inference, and testimony would be impossible if such inferences could not be stated. If the witness had said that it was lager beer, his testimony would only have meant that he confidently thought or inferred from the qualities directly perceived by him that the substance had the other qualities denoted by the name. As he would have been allowed to testify to such a confident inference, he could be asked, on cross-examination, if he did not draw that inference, although with less than absolute certainty. Even if the question had been inadmissible, the answer made it harmless, as the witness replied that he could not say.

The witness having testified that the beer was a weak beer, it was open to the prosecution to show that he had previously testified that he thought it was lager beer, for the purpose of contradicting his present testimony, if for no other purpose. Pub. Sts. *c.* 169, § 22. *Day* v. *Cooley*, 118 Mass. 524. *Brooks* v. *Weeks*, 121 Mass. 433. The exceptions do not disclose any

attempt to use this testimony as substantive evidence that the beer was lager beer, and there is no question of the sufficiency of the whole evidence raised; nor does it appear that all the evidence is before us.                     *Exceptions overruled.*