GARNY, Respondent, vs. KATZ, Appellant.

*December 19, 1894 — January 8, 1895.*

*Instructions to jury: Credibility of witnessess: One party called by the other.*

1. A refusal to instruct the jury "that the plaintiff, having called the defendant as a witness in his own behalf, holds him out as a witness worthy of credit," was not error.

2. Nor was it error to charge that "the fact that plaintiff called the defendant as his witness does not relieve the jury of its duty to weigh and consider the testimony of such witness in the case. It was perfectly proper for the plaintiff to put his adversary upon the stand, to obtain any testimony that he could by way of admission. Such a witness has an opportunity upon his own behalf on cross-examination. Plaintiff is not bound to hold out such a witness as worthy of credit as to everything he may testify to."

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action by the plaintiff to recover commissions for services as a real-estate broker. The plaintiff claims that he had a tract of land to sell; that he proposed to sell it to the defendant; that the defendant promised him that if he should show it to him he would pay him $500 in case he found it a desirable investment and should buy it. The plaintiff showed the defendant the land. The defendant afterwards bought the land from another broker. The defendant denied that he made such a promise. That was the

issue tried. The testimony was, in the main, the testimony of the parties, who testified diametrically opposite to each other on the question in issue. The verdict was for the plaintiff. From judgment on the verdict the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *J. G. Flanders.*

*C. G. Woolcock,* for the respondent.

NEWMAN, J. Ordinarily the court will not disturb the verdict of a jury on conflicting and contradictory testimony, where the issues have been fairly tried and are submitted fairly. This case is not exceptional. It comes fully within the rule. The defendant had the power and right to bind himself by the promise which the plaintiff claims that he made; and if he made the promise he must perform it, for the plaintiff performed on his part. What the plaintiff agreed to do and did do was ample consideration in law for the defendant's promise. Whether the testimony was credible and should be believed was for the jury.

The defendant asked the court to instruct the jury " that the plaintiff, having called the defendant as a witness in his own behalf, holds him out as a witness worthy of credit." This instruction the court refused to give. No doubt the proposition contained in the proposed instruction, as applied to a situation to which it is applicable, was a correct proposition. But the consideration that the witness was produced by one party rather than the other was never deemed a criterion of the credibility of his testimony or the weight to which it is entitled. It does not bear on the question of the credibility of his testimony that the party who produces him is held, for another purpose, to represent him as a witness whose testimony is entitled to credence. The purpose of the rule is to protect the independence of the witness. It prevents the party producing the witness from impeaching a witness whose testimony disappoints his expectation. But

Garny vs. Katz.

the credit which is due to his testimony depends on his character and intelligence, on · his relation to and interest in the case, on his manner of giving his testimony, and on those considerations generally which are applied to determine the proper credit due to the testimony of witnesses, and not at all upon the consideration which party may produce him. In this case the giving of the instruction requested might, to the jury, have given the testimony of the defendant a factitious credit to which it was not justly entitled. The jury might have understood it to be more noteworthy, or entitled to more credit, because of the fact that the plaintiff had called the witness, than if he had merely testified upon his own behalf. The refusal to give it was not error.

The following instruction, excepted to by the defendant, seems to be in accord with the view above expressed: " The fact that the plaintiff called the defendant as his witness does not relieve the jury of its duty to weigh and consider the testimony of such witness in the case. It was perfectly proper for the plaintiff to put his adversary upon the stand, to obtain any testimony that he could by way of admission. Such a witness has an opportunity upon his own behalf on cross-examination. Plaintiff is not bound to hold out such a witness as worthy of credit as to everything he may testify to." There is no error in this. The party producing the witness may always show the fact to be different from the statement of the witness. And the rule as to the holding out of the witness as one worthy of credit does not apply in its full rigor where the adversary party is the witness called. The rule was established at a time when parties to actions were not competent witnesses. And the opposite party is often called from necessity rather than from choice.

No reversible error is found in the record.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.