GEORGE W. D. EMERSON, executor, *vs.* CHARLES E. WARK.

Middlesex.        December 9, 1903. — April 2, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Witness. Will.*

Under our statutes a party calling an adverse witness does not hold him out as worthy of credit.

It is error to instruct a jury, that a contestant of a will, calling as a witness the person offering the will for probate as executor and charged with procuring its execution by undue influence, puts him forward as a person who is entitled to be believed as a witness.

LATHROP, J. This is a petition for the admission to probate of an instrument purporting to be the last will of Harriet D. Emerson, which named the petitioner as executor. At the trial before a single justice of this court, sitting with a jury, the case was tried on three issues. The first related to the soundness of mind of the testatrix, the second to whether the signature to the will was that of the testatrix, and the third was as follows: " Was Harriet D. Emerson unduly influenced in the execution of said instrument by the said George W. D. Emerson? " The jury answered these questions in favor of the petitioner ; and the contestant alleged exceptions.

During the trial the contestant called the petitioner as a witness, and examined him. The only exception relied upon before us was to the charge of the judge in regard to this witness, which was as follows: " There is one rule of law that I ought to bring

to your attention and that is this, when a party in litigation in court puts a person upon the stand as a witness, they put him forward as a person who is entitled to credit, to be believed as a witness. In this case the contestant put George Emerson upon the stand as a witness. In doing that they put him before you as a person who is entitled to be believed. It does not follow from that that they cannot dispute facts that he testifies to. If a party in litigation puts a person on the stand and he testifies to something, the person that puts him on is at liberty to prove that what he says is not true, but in putting him on they put him before you as a person entitled to be believed. And that, it is proper that you should consider in this case in connection with what George Emerson testified to."

We are of opinion that this ruling was wrong, and was prejudicial to the contestant. It is incongruous to claim that a party who calls an adverse witness, or the other party to the cause, and who is entitled to cross-examine him because he is adverse, thereby holds him out as entitled to credit, when the only object in calling him is to obtain such evidence as may be elicited favorable to the party calling him. In the case at bar the adverse party was the person charged with using undue influence. It cannot be said that by calling Emerson the contestant held him out as a person entitled to credit or to be believed. This would be equivalent to saying that a witness whom the party calling him may impeach in a particular manner is nevertheless held out as entitled to credit.

To ascertain the meaning of the St. of 1869, c. 425, § 1, now R. L. c. 175, § 24, it is necessary to consider the law as it existed at the time the statute was passed. It was held in the case of *Adams* v. *Wheeler*, 97 Mass. 67, argued in 1867, that while a party could introduce evidence of any competent and material fact, though that fact had been denied by one of his own witnesses, and although the evidence might have the effect of discrediting that witness, he could not introduce evidence for the mere purpose of impeaching the credit of a witness whom he had himself produced. To meet this rule of law the St. of 1869 was passed, which, while it provides that a party producing a witness cannot impeach his credit by evidence of bad character, allows him to contradict him by other evidence, and also allows

him to prove that the witness had "made at other times statements inconsistent with his present testimony."

The St. of 1870, c. 393, § 4, now R. L. c. 175, § 22, provides as follows: "A party to a cause, who shall call the adverse party as a witness, shall be allowed the same liberty in the examination of such witness, as is now allowed upon cross-examination."

In *Ryerson* v. *Abington*, 102 Mass. 526, 530, it is said by Mr. Justice Gray, in commenting on the St. of 1869: "This statute abrogates the rule of the common law, by which a party who had called a witness was deemed to have held him out as worthy of credit, and was therefore not allowed to prove by other witnesses statements previously made by him, inconsistent with his present testimony, which would not be admissible as independent evidence, and which could have no effect but to impair his credit with the jury." So, too, in *Brooks* v. *Weeks*, 121 Mass. 433, 435, it is said by Mr. Justice Endicott: "The object of the statute is simply to allow the party to impeach the credibility of his witness by showing, in the manner pointed out, that he has made statements inconsistent with his testimony."

The instruction given in the case before us tended to mislead and confuse the jury, and to impose a burden upon the contestant, which may well have affected the result.

Indeed, at common law, the rule prohibiting the impeachment of a witness by the party calling him has not been always strictly applied in the case of an adverse or a hostile witness. It is said in 1 Stark. Ev. 248 : " In the case of an adverse witness, it may frequently happen that what he states in favor of the party who calls him may be regarded as truth unwillingly wrung from a reluctant witness, whilst his counter statements are open to great suspicion ; in all such cases, former declarations by the witness are obviously of importance, with a view to ascertain what part of his statement ought to be discredited, whilst credit is given to the rest. The ordinary rules, as to the examination of an adverse witness, supply an analogy in favor of the affirmative of the present question, in all cases at least where the witness is apparently an adverse one." See also *Becker* v. *Koch*, 104 N. Y. 394; *Webber* v. *Jackson*, 79 Mich. 175.

In *Garny* v. *Katz*, 89 Wis. 230, the defendant asked the judge presiding at the trial to instruct the jury that the plaintiff, hav-

ing called the defendant as a witness in his own behalf, held him out as worthy of credit. This request was refused, and on appeal it was held that the action of the judge was right.

We are therefore of opinion that the order must be

*Exceptions sustained.*

*H. P. Harriman & J. F. Neal,* for the contestant.

*G. L. Mayberry,* for the executor.