AMBROSE HODGKINS *vs.* INHABITANTS OF ROCKPORT.

Essex.   Nov. 6, 1874. — Jan. 11, 1875.   AMES & DEVENS, JJ., absent.

In an action against a town to recover for personal injuries occasioned by an alleged defect in a highway, the question whether a hole in a culvert, covered with a flat stone, is so covered as to make the highway safe and convenient for travel, is a question of fact for the jury.

In an action against a town for injuries caused by a crutch on which the plaintiff was leaning being accidentally placed in a hole in a culvert usually covered with a flat stone, but then uncovered, the jury were instructed that the town would not be responsible on the ground that the hole was uncovered and the way thereby dangerous, because it did not appear that the hole was uncovered twenty-four hours or that the town had notice; but that if they were of opinion that a hole, covered as this had been for many years, rendered the way defective, and the plaintiff proved all other necessary parts of his case, he could recover. *Held*, that the defendant had no ground of exception.

TORT to recover for personal injuries alleged to have been caused by a defect in a highway in the defendant town. Trial in the Superior Court, before *Lord*, J., who, after verdict for the plaintiff for $987.50, reported the case to this court in substance as follows:

At the trial, it was admitted that School Street was a highway which the defendant was bound to keep in repair, and that it had been maintained by the town for many years.

The plaintiff put in evidence tending to show that he met with an accident in School Street, in the afternoon of July 12, 1872 that he had previously received an injury, which had made him a cripple, and had compelled him to use a crutch, and that he received the injury for which he claimed to recover in this action by accidentally placing his crutch in a hole in the street, so as to throw him down and inflict serious injury.

Upon the question whether the street was defective, the following facts appeared in evidence: School Street was an ancient highway which had remained in substantially its present condition for twenty or thirty years, except that a sidewalk has been built on the western side since the accident. Near the southern end of said street there is a culvert, covering a watercourse which runs across the street. This culvert is covered with large stones, in one of which there is a hole about six inches in diameter, which is evidently artificial, and which has been there since the culvert was built, not less than twenty years ago. Over this hole there has always been laid a flat stone varying in size, according to the testimony of different witnesses, from about two feet in diameter to eighteen inches by ten, and from an inch and a half to two inches in thickness. The exact weight of this stone was not shown, but it appeared that it weighed more than twenty-seven pounds. At the time of the accident, as before stated, there was no sidewalk on that side of the street. The gravel and soil of the street were brought up against the edge of the flat stone which covered the hole, so that there was no obstruction to travel at the time it was put there; and sometimes it was so, and sometimes the rain washed the dirt from the sides and exposed them.

The plaintiff contended and offered evidence tending to prove, that, when he received his injury, this flat stone had been in some way removed, and that, while passing along in the exercise of proper care, he had got his crutch into the hole, and was injured. There was no evidence how the flat stone got off; nor was there any evidence that it had ever been out of place before, except that a single witness testified that a year or two before he saw the hole uncovered. But this was only a single occasion, and it was again covered at once.

The defendant contended that there was no evidence for the jury of a defective way for which the defendant could be held

liable in this action, it being admitted that the hole had not been uncovered for twenty-four hours, or for any appreciable time, before the accident ; and it not being claimed that there had been any notice to the defendant.

The plaintiff contended that the way was defective, in that a hole through the covering stone of the culvert had been improperly and insufficiently covered, and that, as that had existed for more than twenty-four hours, the defendant was liable for an injury received by reason of it.

The judge submitted this question to the jury, and instructed them that the plaintiff could recover, (so far as this part of the case is concerned,) if he satisfied them that the way, as it existed when the hole was covered, was not reasonably safe and convenient; that the defendant would not be responsible upon the ground that the uncovered hole rendered the way dangerous, as it had not existed in that condition for twenty-four hours, and there was no evidence of notice to the defendant; but that, if they should be of the opinion that a hole, covered as this one had been for the time testified to by the witnesses, rendered the way defective, and the plaintiff had proved all other necessary parts of his case, the plaintiff would be entitled to recover.

No objection was made to any other part of the instructions; and the judge, after verdict for the plaintiff, reserved for the consideration of this court the question whether there was evidence sufficient to warrant a submission of the case to the jury ; if not, judgment is to be entered for the defendant; otherwise, judgment on the verdict.

*S. B. Ives, Jr.*, (*H. N. Woods* with him,) for the defendant.

*C. P. Thompson*, for the plaintiff.

COLT, J. The question whether a hole in a culvert, covered with a flat stone, is so covered as to make the highway safe and convenient for travel, is a practical question of fact, depending on a variety of considerations. The size of the hole ; its location, with reference to the line of public travel; the weight and shape of the stone, with the means employed to keep it in place ; its liability to displacement by accident or design, or by the public travel over it, are all to be taken into account. It was submitted to the jury in this case with careful and accurate instructions, under which they must have found that the way was defective as

it existed, with the hole covered as it was, or, in other words, that the means adopted to secure the safety of the travel upon the highway were not sufficient. It is not true, as contended by the defendant, that the only fact which tended to prove the existence of the alleged defect was the fact that the stone, at the time of the accident, happened to be displaced. A perfect bridge or a perfect culvert may become dangerous by a careless or malicious act, without liability on the part of the town, except when the defect produced has existed for twenty-four hours, or there has been notice of it. There is nothing to show that the jury thought otherwise in this case. *Myers* v. *Springfield*, 112 Mass.

The case at bar is not like *Doherty* v. *Waltham*, 4 Gray, 596. There the jury were told that a town would not be liable for an injury to a traveller in the night-time from a hole in the highway, if at sunset sufficient barriers were placed around it to make it safe for the night, although the barriers were afterwards removed, whether by accident or design. The jury must have there found that the means adopted to secure safety were sufficient.

Nor is this case controlled by *Ryerson* v. *Abington*, 102 Mass. 526, 532. The defect in that case arose from the caving in of a sluiceway, the original construction of which was alleged to have been imperfect, and the question was one of immediate and remote cause. The judge was asked to rule, upon evidence which was thought to justify the request, that the jury must find " that the immediate and particular defect which was the immediate and proximate cause of the injury either had existed twenty-four hours, or that the town had had reasonable notice of it." He refused so to rule, but told the jury that if there was a defect in the original construction, by which the earth was liable in a freshet to be washed away so as to produce the cavity which existed, " and to indicate such a state of things as the natural consequence," the plaintiff might recover. A new trial was ordered by this court on account of other rulings on questions of evidence, and the general rule was stated that the defect complained of must be the immediate cause of the injury; but the court expressly declined to consider whether the instructions given to the jury, justly interpreted, were in accordance with this rule.

In the opinion of a majority of the court, the entry in the present case must be                    *Judgment on the verdict.*