### GEORGIANA A. MONIES *vs.* CITY OF LYNN.

Essex.    Nov. 13, 1876. — Jan. 8, 1877.    COLT, DEVENS & LORD, JJ., absent.

In an action against a city for injuries occasioned by a defect in a highway, it appeared that the plaintiff fell into a hole in the sidewalk.  There was no evidence that the hole had existed for twenty-four hours before the accident, or that the city had notice of it.  More than twenty-four hours before, the agents of the city had dug a trench across the sidewalk at the place where the accident happened, and had negligently filled it up.  The judge instructed the jury that if the earth under the sidewalk " was in such a condition that the same might reasonably be expected, through the continuous action of such natural causes as were then operating, and such ordinary rains as might be expected to occur at that season of the year, at any hour, to wash out and produce such a cavity as that into which the plaintiff fell, it was competent for the jury to find an existing defect, for which the defendant might be liable."  *Held*, that the instruction was erroneous.

TORT for personal injuries occasioned by reason of an alleged defect in a highway, in the defendant city.  After the former decision, reported 119 Mass. 273, the case was tried in the Superior Court, before *Pitman*, J.; the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the substance of which appears in the opinion.

*S. B. Ives, Jr.*, for the defendant.

*E. T. Burley*, (*E. J. Sherman* with him,) for the plaintiff.

MORTON, J.  The plaintiff was injured by falling into a hole in the sidewalk of a street, which the defendant was bound to keep in repair.  There was no evidence that the hole had existed for more than twenty-four hours, or that the city had notice ɜf its existence.

The evidence tended to show that, about two weeks before the accident, the city had dug a trench across the sidewalk in order to connect the waste-pipe of a private building with the main sewer in the street; that, after the pipe was laid, the trench was filled up, and the bricks of the sidewalk relaid; that the pavement of the gutter was not replaced, but the paving stones and earth formed a dam at the place where the trench was dug, which prevented the water, after a rain, from flowing beyond it; that the hole made in the wall of the building for the pipe was not stopped up or cemented; that a rain occurred, and the water ran through the trench, carrying the earth into the cellar and undermining the sidewalk; and that, a few minutes before the accident to the plaintiff, another person broke through the sidewalk, producing the hole into which the plaintiff fell.

The court properly ruled that, if the earth under the sidewalk had for more than twenty-four hours been washed away, so as to make ordinary travel presently perilous, it was a defect, for which the city was liable.

The court further instructed the jury that, if the earth under the sidewalk "was in such a condition as that the same might reasonably be expected, through the continued action of such natural causes as were then operating, and such ordinary rains as might be expected to occur at that season of the year, at any hour, to wash out and produce such a cavity as that into which the plaintiff fell, then it is competent for the jury to find an existing defect, for which the defendant in this action may be held liable." The only question presented to us is as to the correctness of this ruling.

The ruling authorized the jury to find the defendant liable, although the defect which was the immediate cause of the plaintiff's injury had not existed for twenty-four hours, and although the sidewalk had not been in a dangerous condition for that length of time. It is based upon the idea that if a road is so constructed that the action of natural causes will produce a defect, and this might reasonably be expected, the town is liable, though it had no notice of such defect, and it had not existed for twenty-four hours. If the liability of towns depended upon the negligence of their agents in constructing or repairing roads, there would be force in this view.

But their liability is wholly created by statute, and is confined to cases where a person is injured through a defect of a way, of which the town had notice, or which had existed for the space of twenty-four hours previous to the occurrence of the injury. Gen. Sts. *c.* 44, § 22. The statute establishes a fixed and arbitrary rule, independent of any question of the negligence of the town. If the defect which causes the injury has existed for twenty-four hours, the town is liable, even though it be a defect, such as is contemplated in the first instruction in this case, above referred to. But if such a defect has not existed for twenty-four hours, the town is not liable, unless it is shown that it had reasonable notice of it. We think it was the intention of the Legislature, as the language of the statute naturally imports, to limit the liability to cases where the precise defect which causes the injury is known to the town or has existed for twenty-four hours. To hold that a town is liable, though such defect had not existed twenty-four hours, upon the ground that its agents had constructed or repaired the way so negligently that it was reasonable to suppose that such a defect would be produced, is going beyond the language and intention of the statute. It is often impossible to construct a way so that it will not in time become defective by the operation of natural causes and the occurrence of ordinary rains, and the Legislature did not intend to make the liability of towns depend upon the question whether any negligence in constructing or repairing the way set in motion or accelerated the action of such natural causes.[*] We are of opinion therefore that the last instruction was erroneous.

The cases, previously decided by this court, are consistent with this view. The case at bar falls within the principles stated by the court in *Ryerson* v. *Abington*, 102 Mass. 526. In that case it appeared that, at the place where the accident occurred, the town had built, under and across the road, a culvert, which was insufficient to carry off the water which might be expected in any ordinary freshet, and that the water had washed away the earth under the road so as to leave a cavity covered by a crust through which the plaintiff broke. The court in the opinion

---

[*] But see St. 1877, *c.* 234, passed May 16, 1877.

say : " It is not enough that another defect in the highway, which was the cause of the defect which immediately caused the injury sued for, had existed for more than twenty-four hours, or been known to the town. Or, to apply the principle to the state of facts which the plaintiff alleged to have existed in this case, it would not be sufficient that the culvert had been too narrow for more than twenty-four hours, and that its narrowness caused the water to overflow, and, by washing away or loosening the earth, produced such a state of the highway as would not support the plaintiff's weight; but such a state of the highway, though resulting from the imperfect condition of the culvert, must itself have existed for the requisite time, in order to maintain the action."

In *Hodgkins* v. *Rockport*, 116 Mass. 573, the plaintiff was injured by stepping with his crutch into a hole in a stone which covered a culvert. This hole was usually covered with a flat stone, which had been removed, in some unknown manner, within twenty-four hours of the accident. The defect which caused the plaintiff's injury was the hole, and he recovered upon the ground that the hole was not sufficiently guarded, or, as stated in the instructions of the presiding justice of the Superior Court, that " a hole, covered as this one had been for the time testified to by the witnesses, rendered the way defective." The hole insecurely guarded was the defect which had existed for more than twenty-four hours, and which caused the plaintiff's injury.

In *Winn* v. *Lowell*, 1 Allen, 177, the defect, if any, was a loose plank in a sidewalk, which had been loose and dangerous for more than twenty-four hours.

The case of *Day* v. *Milford*, 5 Allen, 98, more nearly resembles the case at bar. There the plaintiff was injured by the fall of an awning over a sidewalk upon which snow had collected. He was allowed to recover, although the snow had fallen within twenty-four hours, upon the ground that the awning was so frail that, in the winds and storms ordinarily occurring in this climate, it would be likely to fall upon the traveller. To quote the words of the opinion : " The defect and want of repair of the highway, by which the safety of the traveller was endangered, were in the state of the awning, and the want of sufficient strength to sustain its own weight and such accumulations as would ordinarily

occur. This defect had existed for more than twenty-four hours."

This case has always been regarded as approaching the extreme limit of the liability of towns, but it does not go so far as the ruling of the Superior Court in the case at bar. The difference between the two may be illustrated by supposing the case of a bridge over a stream built by a town as a part of a highway. If the bridge is built in so frail a manner that, when loaded with the ordinary accumulation of snow, it will not sustain the weight of the traveller, it would be defective, and the town would be liable to the traveller injured thereby. It has not performed the duty required by the statute to provide a way safe and convenient for travellers at all seasons of the year. But if the bridge was built in a strong and substantial manner, so as to be safe at all seasons of the year, it could not be deemed to be defective or in want of repair within the statute, because it was likely that, in time, the water of the stream would undermine the abutments and thus make it insecure.

In the recent case of *Blood* v. *Hubbardston, ante,* 233, there was evidence that the town had notice of the defect, by which the plaintiff was injured, the day before the injury, and it was held that the town might be liable, although the defect may have in the meanwhile become more dangerous by the action of the elements. The question raised in the case at bar was not considered.                                    *Exceptions sustained.*