### WILLIAM E. WHITEHEAD *vs.* CITY OF LOWELL.
### SARAH HALLOWELL *vs.* SAME.

Middlesex. Jan. 16. — Mar. 4, 1878. ENDICOTT & SOULE, JJ., absent.

In an action against a city to recover for personal injuries occasioned by a defect in a street alleged to be "opened and dedicated to the public use," evidence that the street ran from a public street to another street, in regard to which there was no evidence that it was public; that the defect, consisting of a pile of snow and ice, was situated about thirty yards from the public street; that there were only four houses on the street; and that one witness saw the pile of snow and ice in the morning, about twelve hours before the accident occurred, is not sufficient to warrant a finding that the city had reasonable notice of the defect.

Two ACTIONS OF TORT for personal injuries occasioned by a defect in a way alleged to be "opened and dedicated to the public use" in the defendant city. Answer, a general denial, and that the defendant had received no notice of such defect.

At the trial in the Superior Court, before *Rockwell*, J., there was evidence that the plaintiffs were driving together, with due care, in a sleigh, about 7 or 8 o'clock in the evening, in McIntire Street, and that, when about thirty yards down the street, the sleigh was overturned by coming in contact with some heaps of snow and ice, causing the injuries; that McIntire Street ran from Marshall Street, a public highway, to Middlesex Street; that McIntire Street was twenty-two feet six inches wide from fence to fence, at its junction with Marshall Street; that the street, for forty or fifty feet down from Marshall Street, was clear and good travelling; that, at the place of the accident, the path made by teams was not in the middle of the street, but bore off to one side; that it was narrower at the place where the accident happened, being there about twenty feet wide; that the front door-steps of the houses on the street, there being two houses upon one side and two upon the other, projected about four feet each into the street; that there was no sidewalk on either side; that, where it united with Middlesex Street, on one side, there were stairs five or six feet wide, which ran from McIntire Street, and parallel therewith, into the second story of the building at the corner.

There was no evidence that McIntire Street was wrought for travel or was ever laid out as a public way, or that the defendant city had ever worked upon it, but there were tracks left by carriages which had passed over the street; nor was there any evidence who owned the land occupied by the street, or who owned the land on either side of the street. There was no evidence that Middlesex Street was a public street. There was a street lamp on the other side of Marshall Street, opposite the head of McIntire Street.

One Sanderson testified that he had been through McIntire Street about 8 o'clock in the morning of the day of the accident, and saw a great pile of snow, about four feet high, on the right hand side of the street, and another pile on the left; that where these piles of snow were there was a poor path for teams, but up

towards Marshall Street a very good one; and that the street was open and travelled by everybody who wanted to. There was evidence that the street had been actually travelled by the public for eight or ten years, and no evidence that the persons living on the street had any other access to their houses than by McIntire Street.

The defendant admitted that there were no notices that McIntire Street was a private way, or that it was dangerous; and it was not it closed up at either end.

Upon this evidence, the judge ruled that the action could not be maintained: 1. because there was no sufficient evidence that McIntire Street had been opened and dedicated to the public use; and, 2. because the defendant had no notice of the defect; directed verdicts for the defendant, and reported the cases for the consideration of this court. If, upon this evidence, the actions could be maintained, the verdicts were to be set aside and the cases stand for trial; otherwise, judgments on the verdicts.

*F. T. Greenhalge,* for the plaintiffs, cited *Reed* v. *Northfield,* 13 Pick. 94; *Howe* v. *Lowell,* 101 Mass. 99.

*G. F. Richardson,* for the defendant.

AMES, J. It is not contended on the part of the plaintiffs that the alleged defect or obstruction in the street had existed for the space of twenty-four hours previous to the occurrence of the accident, and we find nothing in the bill of exceptions to justify the inference that the defendant had had reasonable notice that the street was in an unsafe condition. There was no evidence of any express or actual notice to any officer of the city; and we find nothing in the length of time during which the defect had existed, or in the position or publicity of the place where it was, or in any of the circumstances, tending to show notoriety. We see no ground for the inference that the proper officers of the city actually knew, or with proper vigilance and care might have known, the condition of the street. *Donaldson* v. *Boston,* 16 Gray, 508. The only witness who testified to having seen the snow-bank before the accident was a man who was in the street about twelve hours before it occurred.

Whether, therefore, the street had become a public way by dedication or not, the plaintiffs have failed to show any cause of action against the city. *Judgments on the verdicts.*