ISAIAH HUTCHINS *vs.* INHABITANTS OF LITTLETON.

Middlesex.   Jan. 16. — Mar. 5, 1878.   ENDICOTT & SOULE, JJ., absent.

If a defect in a highway has been repaired so that the road is safe and convenient
  for travellers, and a storm afterwards produces a new defect in the same or in an-
  other place, the town is not liable for an injury occasioned thereby, unless such
  new defect had existed twenty-four hours, or was known to the town, although the
  new defect was connected with the former defect, or directly related to or affected
  by it.

TORT for personal injuries occasioned by a defect in a high-
way which the defendant town was bound to keep in repair.
Trial in the Superior Court, before *Brigham*, C. J., who, after a
verdict for the plaintiff, allowed a bill of exceptions, so much of
which as is necessary to the understanding of the point decided
appears in the opinion.

*G. A. Somerby & D. S. Richardson*, for the defendant.

*T. H. Sweetser*, (*F. A. Worcester* with him,) for the plaintiff.

MORTON, J.   At the trial, the evidence tended to show that,
four days prior to the injury to the plaintiff, the horse of one
More had broken through the surface of the highway, and had
made by his hoof a hole, which was a defect; that the defend-
ant's surveyor of highways had repaired it by putting in stones
and gravel, and that, by the action of the elements, the same
hole was reopened, or another hole made in the same place, into
which the plaintiff's horse stepped, and thus caused the plain-
tiff's injury.

The court, among other things, instructed the jury that "if a
defect in a highway, from any cause, is developed and repaired,
and from its character, or from its not having been thoroughly
and sufficiently repaired, by the ordinary action of the elements
is again developed in its former place, or a new defect is devel-
oped in another place, but connected with the former defect,
either as a part of it or involved in it, or directly related to or
affected by it, and injury to a traveller is caused by the former
defect insufficiently repaired, or by the later defect so related to
or connected with the former defect, the town required to main-
tain such highway would be responsible for such injury, and
would have had notice of such former and of such later defects,

if either of such defects was known to the selectmen or surveyor of highways of such town, or if the first form of the defect, afterwards insufficiently repaired, and from that cause developing again to a traveller's injury, was in existence twenty-four hours before such injury, or was known to such town."

To entitle him to recover, the plaintiff was required to prove that he was injured by a defect which had existed for twenty-four hours or was known to the town. It was not enough that a former defect had existed, which had been sufficiently repaired, and that by the operation of natural causes a new defect is produced in the same place, unless the new defect, which is the immediate cause of the injury, has existed twenty-four hours, or is known to the town. *Ryerson* v. *Abington*, 102 Mass. 526. *Monies* v. *Lynn*, 121 Mass. 442, and *ante*, 165.

In the case at bar, if the surveyor insufficiently repaired the defect created by the horse of More, so that the road still remained out of repair, it would be a continuing defect, and the town would be liable, though the action of the elements had enlarged it and increased its dangerous character. *Blood* v. *Hubbardston*, 121 Mass. 233. But, if he had repaired it so as to make the road safe and convenient, and a storm afterwards produced a new defect in the same or in another place, the town would not be liable unless such new defect had existed twenty-four hours, or was known to the town. The instructions given violated this rule. They permitted the jury, in case the former defect had been sufficiently repaired, to hold the town liable, if a new defect had been created, " connected with the former defect, either as a part of it or involved in it, or directly related to or affected by it," without proof that such new defect had existed twenty-four hours, or was known to the town. The fact that the new defect is connected with or related to or affected by the old does not change the rule of liability established by the statute. The rule is the same, though the former defect causes or contributes to the production of the new one. *Ryerson* v. *Abington*, above cited.          *Exceptions sustained.*