## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

ISABELLA J. PURPLE *vs.* INHABITANTS OF GREENFIELD.

Franklin. Sept. 16. — Oct. 25, 1884. C. ALLEN & COLBURN, JJ., absent.

In an action against a town for personal injuries occasioned by a defect in a sidewalk of a street, the question whether the owner of the adjoining premises is liable over to the town in case of a recovery against the town, is immaterial.

An opening about a foot and a half deep, a little more than a foot in width, and two feet and a half long, was made six inches from the line of the sidewalk in a town, for the purpose of furnishing light and air to the cellar of a building. There was nothing to indicate where the line of the sidewalk ended. The opening had existed for some months, and was covered by a loose board, and was known to be so covered by the chairman of the selectmen of the town. While the board was off, a person travelling on the highway stepped into the opening. *Held*, in an action against the town for an injury thereby occasioned, that the jury were authorized to find that the town had reasonable notice of a hole, insecurely guarded, near the limit of the highway.

On the issue whether an opening near the limit of a highway had been left unguarded so long that the town had reasonable notice, or by the exercise of proper care might have had notice, of its existence, there was evidence that the opening had been in existence for some months; that at a certain time, when a person stepped into it and was injured, it was unguarded; and that it was for some months before never seen uncovered. One witness testified that he had been by there daily for some time, and never saw the opening covered. On cross-examination, he testified that he had no clear recollection of the matter. *Held*, that it could not be ruled, as matter of law, that there was no evidence that it had not remained uncovered for a long time.

It cannot be ruled, as matter of law, that the use of a velocipede upon a sidewalk of a street is necessarily unlawful.

TORT for personal injuries occasioned to the plaintiff, on July 9, 1881, by an alleged defect in a highway in the defendant town. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

The place where the plaintiff was injured was an opening in front of a cellar window in a building owned, but not occupied, by one Hovey, about ten feet distant from the corner of Main Street and Federal Street, two of the principal streets in the business portion of the defendant town. The opening was about one foot and two inches wide, two and a half feet long, and one foot and seven inches deep; and was one of the means of lighting and ventilating the cellar of the building. It was surrounded by a stone curbing, the upper surface of which was even with the surface of the sidewalk, which, at the place of the accident, was about ten feet wide. The line of the located highway, as contended by the plaintiff, was about six inches from the nearest edge of said opening, and, as contended by the defendant, about sixteen inches. There was nothing in the sidewalk to indicate the line of the highway. The sidewalk was of brick, and was of uniform surface on both sides of the line of the located highway, except at the opening in front of the cellar window, and extended up to the east line of Hovey's building. Immediately adjoining the outer edge of the sidewalk, on Federal Street and northward, and about fifteen feet from the opening, was a fruit-stand about seven feet long. There were two other openings on Federal Street, just outside the east line of the building, similar to the opening where the plaintiff was injured.

At the place of the accident, the owner of the adjoining premises had, in the year 1880, relaid the sidewalk with brick from the side of his building to the curbstone. The opening in question at the time of the accident was not covered; and the plaintiff, who had started to go from her home on Federal Street to the post-office, while standing near said opening in conversation with a friend, stepped back and into said opening, and received the injuries complained of.

The owner of the premises was called as a witness by the defendant, and was asked by the plaintiff if he had not been notified to defend this action, and he answered that he had been so notified.

The plaintiff testified as follows: "I was walking down Federal Street and met a lady friend, and stopped to speak with her. A little boy came along on a velocipede, and I stepped back out of his way. It came very near to me, and I stepped back out of his way into this cellar-window hole. It was the one nearest the Main Street. I was standing, when this boy came along, with my back to the hole. I was standing near to it. I do not think I stepped back but one step. I was talking with Mrs. Clark. I had talked with her but a few minutes."

Mrs. Martha A. Clark testified: "There was something came along, and we stepped back to let it pass. It was a boy on a bicycle, or a woman or a man, or something, and she stepped back into the hole. There was no board over the hole. We had been standing there not ten minutes in all." On cross-examination, she testified that she did not remember whether it was a boy on a velocipede, or a man on a bicycle, or a woman. "I did not take enough notice of it. I was conversing with this lady, and something came along and we stepped back. I do not know whether it was slow or fast."

One Walker testified that he lived on Federal Street, and had lived there for eleven years; that, so far as he knew, the opening had been there ever since he had lived on the street; that, so far as he knew, the openings had been covered the same as now, with the same coverings; that he could not say they had not been covered all the time.

George H. Hovey, the owner of the building and adjoining premises, testified for the defendant: "The present brick sidewalk was repaired in 1880. There was a walk there before. I relaid the curbing. Some of the stones were there before I relaid it. The hatchway was there a long time. All the openings there were just the same. I have owned it fifteen or twenty years. Before I repaired the walk, there never had been anything over the hole. In 1880 I put boards over the hole, and they have been kept there ever since. I have never known them to be off. I go by there six, seven, or eight times a day. I have occasion to look after the openings. I know they have been kept covered." On cross-examination, he testified: "I do not know that the boards on the hole now are the same that

were on since 1880. I do not think they are. I do not know about it. They may have been ·damaged for all I know. I do not have the supervision of it myself, but, after I repaired, I put boards over the hole, and have requested that they be kept there ever since. The cellar at the time of the accident was rented with the store. The window was to give light and ventilation to the cellar. I had no control of the cellar or store."

Seorem B. Slate testified that he had been chairman of the selectmen since 1880. "I remember the time of this accident. From 1880 to the time of the accident the cellar window was covered with boards, — loose boards generally there. I cannot say that I have ever seen it uncovered, but may have. I have no recollection of ever seeing it open." On cross-examination, he testified that he lived in the north part of the town, about four miles off, and had occasion to come down often; not every day of the week. "I had noticed this spot only as I had occasion to pass it."

Charles Pierce testified for the plaintiff: "I live on Federal Street. I go by this spot daily. The window holes have been there ever since I can remember. I never saw the openings covered till after this suit was begun." On cross-examination, he testified, "I have no clear recollection of the matter."

The counsel for the defendant argued that the owner or occupant of the building was liable for the injury; that it was hard that the town should be compelled to pay for the fault of the owner of the premises, against whom the plaintiff had a right of action; and that the town had no right to enter on these premises and cover up the hole. The counsel for the plaintiff argued that, if the plaintiff recovered of the town in this action, the town had its remedy over against the owner of the premises, if he was at fault in the matter. The attention of the judge was not called to this statement of the plaintiff's counsel, but the defendant asked the judge to instruct the jury that the owner or occupant of the premises adjoining said way was not responsible for any want of a railing against said hole, and was only responsible to the person injured for the hole being uncovered; and that the town could not recover of such owner or occupant any sum which the plaintiff might recover in this action.

The judge declined to give the jury any instruction on this point, saying that what might be the rights, as between the town and a third party, was entirely immaterial in this case.

The judge instructed the jury, at the request of the defendant, that if the owner or occupant of the adjoining premises had been accustomed to keep a board or other suitable covering over said cellar-window hole, and the officers of the town, previously to the accident, had no knowledge or notice that it was the intention of such owner or occupant to allow such hole to remain uncovered, and such hole at the time of the accident was left uncovered either by carelessness of the owner or occupant, or by the wrongful act of some third person, then the town was not bound to maintain a railing on the line of the street against said hole; that a liability that said hole might be uncovered would not render the town liable for want of a railing.

The defendant asked the judge to rule that there was no evidence that the hole had been uncovered twenty-four hours, or for such length of time that the town must have had notice of it. But the judge declined so to rule.

The defendant contended that the want of a railing or barrier was not the sole cause of the injury, but that the unlawful and negligent act of the person on the velocipede contributed; and asked the judge to instruct the jury that the use of the sidewalk by a third person for the purpose of running a velocipede or bicycle thereon was an unlawful and negligent use thereof, and, if such use caused the plaintiff, while she was standing on the sidewalk engaged in conversation for a space of five minutes or more, to step back into the opening to avoid being hit by such velocipede or bicycle, and thus to receive the injury, the defendant was not liable.

The judge instructed the jury as follows: "Whether the use of the sidewalk for the purpose named was an unlawful use may depend on the existence of facts of which we have here no knowledge, such as the existence of a town by-law forbidding it, for instance. It may depend on whether the use is of such a character as to be an obstruction to public travel; in other words, a nuisance. I cannot instruct on that point. Whether such use is a negligent use of the sidewalk, is a question for the jury, and if such use was negligent, and caused the plaintiff,

while she was standing on the sidewalk, as described, to step back into the opening to avoid being hit by such velocipede or bicycle, and there to receive the injury, the defendant is not liable. There is no evidence to go to the jury that the plaintiff was frightened by the bicycle, and under the influence of that fright threw herself upon a place of danger outside a highway."

The judge further ruled, that a railing or barrier of some sort was in this case necessary, and the want of it a defect, if the hole was in such close proximity to the travelled way as to make it unsafe to travel upon it and near its boundary, and not otherwise; that if such defect existed, and might have been remedied, or the injury might have been prevented by reasonable care and diligence on the part of the town, and such defect was the sole and efficient cause of the injury, and the plaintiff was in the exercise of due care, and was at the time travelling on the way, the defendant was liable, no other objection existing to a recovery; that if the injury was caused by the negligence of a third person, or such negligence contributed thereto, the defendant was not liable; that the town was not liable unless it had reasonable notice of the defect, or might have had reasonable notice thereof by the exercise of proper care and diligence on its part.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*D. W. Bond & F. G. Fessenden*, for the defendant.

*J. A. Aiken*, for the plaintiff.

HOLMES, J. 1. The request for a ruling that the town could not recover over from the owner or occupant was made to the court upon a different ground from that on which the defendant now seeks to support it. It was asked for in aid of the defendant's argument to the jury, that it was hard that the town should have to pay for the fault of the owner of the premises, when the plaintiff might have sued him, and the town could not. From this point of view, the consideration was one with which the jury had nothing to do. But the defendant now says that the instruction should have been given as adding to the weight of the owner's testimony, and counteracting the effect of his answer to the plaintiff's cross-examination, that he

had been notified to defend the suit. If this contention is open to the defendant, it seems to be enough to say that, in this aspect, the only material question was whether the witness believed himself to be liable, not whether he was liable in fact; that the collateral issue of his liability could not be tried in this suit; and that it was not the duty of the judge to rule on an issue which could not be tried. *Fish* v. *Bangs*, 113 Mass. 123, 126. We therefore need not consider whether, in view of the mode in which the owner had built the sidewalk, the ruling asked for was correct in point of law. *Howland* v. *Vincent*, 10 Met. 371. *Larue* v. *Farren Hotel Co.* 116 Mass. 67. *Woburn* v. *Boston & Lowell Railroad*, 109 Mass. 283.

2. There was evidence, not merely that the town had reasonable notice, or by the exercise of proper care might have had notice, of a hole which the jury might find was insecurely guarded, within the principles of *Winn* v. *Lowell*, 1 Allen, 177, *Hodgkins* v. *Rockport*, 116 Mass. 573, and *Monies* v. *Lynn*, 121 Mass. 442, and 124 Mass. 165, but also that the hole had been uncovered for a long time. The court could not forbid the jury to infer the latter fact from Pierce's testimony, that he went by the spot daily, and never saw the openings covered till after this suit was begun. Pierce's admission, on cross-examination, that he had no clear recollection of the matter, was ground for argument as to the trustworthiness of his former statement, but did not obliterate it.

3. We cannot lay it down as a universal proposition that any and every use of any kind of velocipede upon the sidewalk is unlawful. See *Regina* v. *Mathias*, 2 F. & F. 570. The instructions given are only excepted to so far as inconsistent with the rulings requested. *Exceptions overruled.*