### SARAH BURNS v. THE CITY OF EMPORIA.

**No. 12,493.**   (65 Pac. 260.)

#### SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*Notice of Dangerous Condition of Street—Question for Jury.* Whether a public street in a city, rendered unsafe for travel by the falling of an electric wire, had remained in such condition a period of time sufficient to charge the city with constructive notice of its unsafe condition, or whether the city had actual notice of the unsafe condition of the same, and might, with reasonable diligence, after the receipt of such notice, have repaired the same and averted an alleged injury occasioned thereby, is a question of fact for the jury and not a question of law for the court.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed June 8, 1901. Division two. Reversed.

*Madden Bros.*, for plaintiff in error.

*Buck & Spencer*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: This is an action brought to recover damages for personal injuries alleged to have been sustained by plaintiff, occasioned by the falling of an electric wire at the corner of Rural street and Eleventh avenue in defendant city. The plaintiff was driving a family horse, alleged to be gentle and quiet, drawing a carriage in which plaintiff, her daughter and four small children were riding. The horse, getting entangled in this fallen wire, became frightened, reared and plunged, throwing the plaintiff from the carriage, and causing the injury of which complaint is made. The injury occurred about seven o'clock in the evening. There was testimony that the mayor and a member of the council were notified of this wire's being down, and that this wire was down on the day before the injury occurred. Upon the trial the jury returned a verdict for defendant. Plaintiff brings this proceeding in error.

The sole question presented for our determination arises upon the instructions of the court, and particularly instructions 4, 12, and 13. In instruction 4 the court charged the jury as follows:

"But if such 'wire was down only for one day prior to the alleged injury, this would not be long enough to charge and bind the city with implied notice; and unless you find from the evidence that the city had actual notice, or implied notice, of the fact of such wire being down in a dangerous condition, then you cannot find for the plaintiff."

Instruction 12 contained the following language:

"If the city did not learn of the wire in question being out of repair until four o'clock or after in the evening, it would not be negligence in the city to delay repairing said wire until next morning."

In instruction 13 the court said:

"If you believe that the wire in question was in place and working condition at noon of the day of the alleged injury, and thereafter, and some time prior to the time of the alleged injury, for some cause, fell to the ground, this would not be enough to charge or bind the city with implied notice of the condition of such wire, as charged by the plaintiff; and if you believe from the evidence that such wire was in place and in working condition at noon, or thereafter, of the day of the alleged injury, and the city had no notice or knowledge until noon, or thereafter, of the day of the alleged injury that said wire was down, then the city did not have constructive notice of the condition of such wire, and you will then inquire as to the actual notice, if any, the city had."

Counsel for plaintiff in error contend that these instructions invade the province of the jury, and are misleading and prejudicial to the plaintiff. We agree with their contention in this respect. It is the duty of a city to keep its streets reasonably safe for public travel thereon at all times, day and night. It was the province of the jury, not of the court, to determine whether the officers of the city had notice, either actual or constructive, of the condition of this wire for a period of time sufficient to have permitted the same's being repaired before the injury occurred; and it was not the province of the court to fix any definite period of time within which the officers of of the city must have had notice of the fallen condition of this wire, prior to the injury to plaintiff, in order to render the city liable.

There are statutory provisions in certain states charging the city with knowledge of a defect in its streets which has existed for a period of twenty-four hours prior to the time the injury occurred. (*Monies*

*v. Lynn*, 121 Mass. 442; *Hanscom v. Boston*, 141 id. 247, 5 N. E. 249; *Hinckley v. Somerset*, 145 id. 326, 14 N. E. 166.) No such statutory provision, however, exists in this state, and decisions based upon it have no application to the case at bar.

The instructions given were both erroneous and prejudicial to the rights of plaintiff and the judgment must therefore be reversed.

DOSTER, C. J., SMITH, J., concurring.