### LILLIAN M. MASON *vs.* INHABITANTS OF WINTHROP.

Suffolk.    January 14, 1907. — June 18, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Way,* Defect in highway.

In an action against a town under R. L. c. 51, § 18, for personal injuries caused by stepping into a depression in an asphalt sidewalk of a highway of the defendant, alleged to have constituted a defect therein, the defendant asked for the following instruction : " If the defect or want of repair complained of consisted of a depression in the asphalt about one and one half to two feet in length parallel with the curbstone, and about fourteen inches to a foot and a half in breadth at right angles with the curbstone, with a depth not greater than two or two and one half inches or three inches, with gradually sloping sides to the deepest point, and with no sharp edges, and filled in with earth tamped in to nearly the top, the jury must find that such depression did not constitute such a defect or want of repair as the defendant would be liable for." The evidence was conflicting, and the defendant's witnesses described the condition of the sidewalk as it was stated to be in the instruction requested. *Held,* that the instruction should have been given.

If a depression in the sidewalk of a highway of a town is of such a character as to constitute a defect in the highway, the knowledge by the superintendent of streets of the town of the existence of such depression is a sufficient notice to the town to make it liable to a traveller injured by reason of stepping into it.

In an action against a town under R. L. c. 51, § 18, for personal injuries caused by an alleged defect in a highway of the defendant it is right for the presiding judge to refuse to instruct the jury that " The notice which the defendant must have, or which by the exercise of proper care and diligence it might have had of the defect or want of repair complained of, must be notice of the exact defect complained of and not merely of a situation likely to cause the exact defect in question," and to instruct them instead that the town is not liable unless it had reasonable notice of the defect.

TORT for personal injuries incurred on the evening of July 12, 1904, from stepping into a depression in the sidewalk of Charles Street in the town of Winthrop, which was alleged to be a defect in that highway. Writ dated July 28, 1904.

In the Superior Court the case was tried before *Richardson*, J. The findings warranted by the evidence are described in the opinion. At the close of the evidence the defendant, among other requests, asked the judge to instruct the jury as follows:

"6. If the defect or want of repair complained of consisted of a depression in the asphalt about one and one half to two feet in length parallel with the curbstone, and about fourteen inches to a foot and a half in breadth at right angles with the curbstone, with a depth not greater than two or two and one half inches or three inches, with gradually sloping sides to the deepest point, and with no sharp edges, and filled in with earth tamped in to nearly the top, the jury must find that such depression did not constitute such a defect or want of repair as the defendant would be liable for."

"10. The notice which the defendant must have, or which by the exercise of proper care and diligence it might have had of the defect or want of repair complained of, must be notice of the exact defect complained of and not merely of a situation likely to cause the exact defect in question."

The judge refused to give either of these instructions, and, among other things, instructed the jury in general terms as to the duty of a town to exercise reasonable diligence in making its ways reasonably safe for travel, as to the town's not being liable unless it had reasonable notice of the defect, and as to the duty of the jury to decide on all the evidence as to the issues involved. The jury returned a verdict for the plaintiff in the sum of $564.59; and the defendant alleged exceptions.

*S. M. Whalen*, for the defendant.

*F. S. Harlow*, for the plaintiff.

BRALEY, J. The exceptions to the exclusion of evidence having been waived, the defendant's remaining exceptions are confined to the refusal to give the sixth and tenth requests. In the discharge of the duty imposed by R. L. c. 51, § 1, the town was required to maintain the sidewalk where the plaintiff was injured, and which comprised a part of the highway, in a reasonably safe condition for public travel. *Fitz* v. *Boston,* 4 Cush. 365. *Bodwell* v. *North Andover*, 110 Mass. 511, n. *Moynihan* v. *Holyoke*, 193 Mass. 26. This issue, where the location and character of an alleged defect are in controversy, ordinarily is

one of fact for the jury, and it is only when there is no dispute as to the facts, or the proper inferences to be drawn therefrom, that it becomes a matter of law for the court. *Hall* v. *Lowell,* 10 Cush. 260. *Ghenn* v. *Provincetown,* 105 Mass. 313, 316. *Dowd* v. *Chicopee,* 116 Mass. 93. *Marvin* v. *New Bedford,* 158 Mass. 464, 466. *Harris* v. *Great Barrington,* 169 Mass. 271, 275. *Tisdale* v. *Bridgewater,* 167 Mass. 248. *Lamb* v. *Worcester,* 177 Mass. 82.

It was undisputed that the sidewalk was constructed of asphalt, which had become depressed near the curbstone, although the evidence as to the extent and condition of the depression was contradictory. The testimony of the plaintiff, if believed, showed that the surface had become broken, forming a hollow about six inches in depth, which was irregular in shape, with sharp edges. But the evidence for the defendant, while describing a larger unbroken area of much less depth, also showed that the hollow had been filled solidly, and the entire surface had been made very nearly even with the street level. The sixth request asked for an instruction, that if the jury believed the defendant's description, there was no evidence of any defect for which it could be held responsible. Upon conflicting evidence, it was properly open for them to accept the testimony of the defendant's witnesses as correctly describing the condition of the street at the time of the accident. If they reached this conclusion the present case would then fall within the decision made in *Newton* v. *Worcester,* 174 Mass. 181, 188, and, the plaintiff having failed to establish as matter of law that the street was not reasonably safe for the use of travellers, the defendant would be entitled to a verdict. In the instructions given this distinction was overlooked, and the failure to give the request either in form or substance was error.

The plaintiff also was required to prove that in the exercise of reasonable diligence the town should have ascertained and remedied the defect. The defective condition was the hole in the sidewalk, however it might be bounded or described, and the knowledge of the superintendent of streets by whom it was discovered was sufficient notice to the defendant. R. L. c. 51, § 18. *Campbell* v. *Boston,* 189 Mass. 7, 11. If thereafter he made repairs on two occasions, his acts neither would be conclusive

that the street was reasonably safe nor relieve the defendant from performance of its statutory duty, as the jury would be warranted in finding upon the plaintiff's theory that the surface of the sidewalk not only was broken but had sunk. The tenth request ignored these circumstances as immaterial, under the decisions in *Monies* v. *Lynn*, 121 Mass. 442, 444, and *Hutchins* v. *Littleton*, 124 Mass. 289. But those cases were decided under Gen. Sts. c. 44, § 22, and, as was pointed out in *Post* v. *Boston*, 141 Mass. 189, 192, they are inapplicable since the St. of 1877, c. 234, re-enacted in Pub. Sts. c. 52, § 18, now R. L. c. 51, § 18, whereby cities and towns are now required to use reasonable diligence to remedy defects caused by a failure to make proper repairs in public ways within their boundaries, instead of being relieved from such liability where the defect itself is not shown to have existed for twenty-four hours previous to the accident. This request was refused rightly, and the instructions given correctly stated the law. *Post* v. *Boston* and *Campbell* v. *Boston*, *ubi supra*.

*Exceptions sustained.*